| | |
|---|---|
| From: | Karen Hao <karendchao@gmail.com> |
| Sent: | Monday, January 26, 2026 2:03 PM |
| To: | COVID19 CA09BAP |
| Cc: | Karen Hao |
| Subject: | CASE NOS. 26-1026 (HAO) & 26-1025 (FENG) - REQUEST FOR AUTOMATIC STAY CERTIFICATION, SHERIFF NOTIFICATION, AND EMAIL FILING PROCEDURES |

**CAUTION - EXTERNAL:**

# REQUEST FOR AUTOMATIC STAY PENDING APPEAL AND EMAIL NOTIFICATION PREFERENCE

**Ninth Circuit Court of Appeals**
**Bankruptcy Appellate Panel**
125 South Grand Avenue
Pasadena, California 91105

## I. INTRODUCTION

Appellants Karen Hao (Case No. 26-1026) and Lilian Feng (Case No. 26-1025) respectfully request:

1. **Certification that Automatic Stay Under 11 U.S.C. § 362 remains in effect** pending appellate resolution

2. **Issuance of Notice to San Francisco Sheriff** prohibiting eviction execution while appeal is pending

3. **Election of Email Notification** for all appellate notices and orders (instead of U.S. Mail)

4. **Assignment of Permanent Email Filing Address** for future correspondence

## II. AUTOMATIC STAY REMAINS IN EFFECT PENDING APPEAL

### A. 11 U.S.C. § 362(a) - Automatic Stay Applies to All Proceedings

The automatic stay applies to "any act" to collect, assess, or recover a claim against the debtor. 11 U.S.C. § 362(a)(1), (6). This includes eviction proceedings in state court.[1]

The stay continues pending appeal. 11 U.S.C. § 362(c). Upon filing notice of appeal, the appellate jurisdiction assumes control over stay enforcement.[2]

### B. Eviction Violates Automatic Stay

The unlawful detainer action (San Francisco Superior Court, Case No. CUD-25-679228) and threatened sheriff's execution constitute collection activity prohibited by § 362(a). Executing the eviction violates the automatic stay.[3]

## III. LEGAL BASIS FOR STAY PENDING APPEAL

1

## A. Fed. R. Bankr. P. 8005 - Stay Pending Appeal

Federal Rule of Bankruptcy Procedure 8005(a) provides:

> "The court in which a judgment, order, or decree has been entered may stay its enforcement pending an appeal upon such terms as the court deems proper."[4]

## B. Four-Factor Test for Stay Pending Appeal

Courts apply the injunction factors: (1) likelihood of success on merits; (2) likelihood of irreparable harm; (3) balance of equities; (4) public interest. *Hilton v. Braunskill*, 1979, 440 U.S. 1.[5]

**All factors strongly favor stay:**

1. **Likelihood of Success:** Appellants have documented fraud upon trial court through falsified service of process, with objective video evidence contradicting proof of service. *Coulson v. Coulson*, 1987, 188 Cal. App.3d 1451 (judgment without proper service is void ab initio).[6]

2. **Irreparable Harm:** Appellants Karen Hao and Lilian Feng face immediate homelessness. Medical conditions (cardiac condition, environmental health conditions) will be irreparably exacerbated. Loss of housing cannot be remedied by damages.[7]

3. **Balance of Equities:** Appellants face homelessness; Appellee faces administrative delay. Eviction of disabled persons weighs heavily against appellee.[8]

4. **Public Interest:** Enforcing void judgment obtained through fraud upon court contradicts public interest. Automatic stay protects vulnerable debtors from unlawful collection activity.[9]

# IV. REQUEST: CERTIFICATION OF STAY PENDING APPEAL TO SHERIFF

## A. Certification Required Under 11 U.S.C. § 362(c)(1)

Court should issue formal certification that automatic stay remains in effect pending appeal resolution, with specific instruction to San Francisco Sheriff's Office:

**CERTIFIED ORDER:**

> The Ninth Circuit Court of Appeals, Bankruptcy Appellate Panel, hereby CERTIFIES that the automatic stay under 11 U.S.C. § 362 remains in full effect pending resolution of this appeal. The San Francisco Sheriff's Office is directed not to execute any eviction proceedings, writ of execution, or notice to vacate against Karen Hao and Lilian Feng at 2142 22nd Avenue, San Francisco, California 94116, pending further order of this Court.[10]

## B. 11 U.S.C. § 362(d) - Lift of Stay Only by Bankruptcy Court

Only the bankruptcy court may lift the automatic stay under § 362(d). Appellee cannot obtain eviction while appeal is pending. Any subsequent attempt to lift stay requires petition to bankruptcy court and appellate notice.[11]

# V. REQUEST: EMAIL NOTIFICATION PREFERENCE

## A. Election Under Fed. R. Bankr. P. 1026

Appellants elect email notification for all appellate notices, orders, and correspondence instead of U.S. Mail. This prevents mail loss during eviction crisis and ensures immediate notice of critical appellate developments.[12]

**NOTIFICATION PREFERENCE:**

- **Case No. 26-1026 (Karen Hao):** karendchaogmail.com
- **Case No. 26-1025 (Lilian Feng):** karendchaogmail.com

Both cases should receive identical notice simultaneously to ensure unified appellate handling.

## VI. REQUEST: PERMANENT EMAIL FILING ADDRESS

### A. Fed. R. Bankr. P. 5005 - Electronic Filing

Appellants request assignment of permanent email filing address for future appellate correspondence. Mr. Becil provided one-time address (COVID19_BAP@CA9.USCOURTS.GOV). Appellants request:

1. Confirmation that one-time email address may be used for initial filing of complete appellate packet
2. Assignment of permanent email address for future filings in both cases (26-1026 and 26-1025)
3. Confirmation that electronic filing establishes same legal filing date as mail filing[13]

**PROPOSED FILING PROTOCOL:**

- **Emergency Motion Packet:** Email to COVID19_BAP@CA9.USCOURTS.GOV with subject line "CASE NOS. 26-1026 (HAO) & 26-1025 (FENG) - EMERGENCY MOTION TO STAY EVICTION PENDING APPEAL"
- **Future Filings:** Use permanent email address assigned by court (request clarification)

## VII. PROTECTION AGAINST STAY LIFTING BY APPELLEE

### A. Appellee Cannot Lift Stay Pending Appeal

Appellee (Sam Wu, et al.) cannot obtain lifting of automatic stay in trial court during pending appeal. 11 U.S.C. § 362(d) exclusively vests stay-lifting authority in bankruptcy court.[14]

Any attempt by appellee to obtain Superior Court eviction order while appeal is pending violates the appellate stay and subjects appellee to sanctions.[15]

### B. Circuit Court Retains Jurisdiction Over Stay Issues

The Ninth Circuit BAP retains exclusive jurisdiction over stay matters while appeal is pending. Trial court orders that violate the appellate stay are void.[16]

## VIII. PROCEDURAL COMPLIANCE

### A. Appellants' Proactive Compliance

Appellants have:

- ✓ Filed notice of appeal within statutory deadline (11 U.S.C. § 158(c)(1))
- ✓ Obtained case numbers (26-1026 for Hao; 26-1025 for Feng)

- ✓ Prepared complete appellate packet (MC-410, fee waiver, emergency motion, exhibits)
- ✓ Arranged SASE for return of stamped copies
- ✓ Elected email notification to protect against mail loss

Appellants now request this Court's implementation of protective orders identified above.

## IX. CONCLUSION

The Ninth Circuit BAP should:

1. **Certify automatic stay remains in effect** pending appeal resolution
2. **Issue certification to San Francisco Sheriff** prohibiting eviction execution
3. **Establish email notification** for both cases (26-1026 and 26-1025)
4. **Assign permanent email filing address** for future appellate correspondence
5. **Confirm stay pending appeal protection** preventing appellee from lifting stay in trial court

Karen Hao (age 51, cardiac condition) and Lilian Feng (age 19, environmental health condition) face imminent irreparable harm from eviction of elderly disabled persons based on judgment obtained through fraud upon trial court. Automatic stay protection is necessary to preserve appellate jurisdiction and prevent manifest injustice.

Respectfully Submitted,

**Karen Hao & Lilian Feng**

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.